UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA A. VEGA,

Plaintiff,

-against-

THE AGENCY; USA; LINCOLN HOSPITAL; ST. BARNABAS HOSPITAL,

Defendants.

26-CV-6122 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*. She invokes, as the basis for her claims, the "Antarctic Treaty Act [of] 1967," "Artemis 2020," the Torture Victim Protection Act ("TVPA"), the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and federal and state criminal statutes. By order dated July 27, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.* at 475 (citation omitted).

**BACKGROUND**

The following allegations are drawn from the complaint.[1] Plaintiff brings this suit against "the Agency," the "USA," and Lincoln and St. Barnabas Hospitals.[2] She asserts that she is "celestial and a super." (ECF 1 at 5.)

Plaintiff states the following:

> My nights have been violated. I've been threatened raped. My head burned where my skin was turned into welts. Individuals from local and private institutions have witnessed all criminal activity while using a remote on my body suit. The agency has sent out actors and actress! They've sent out entities. They've tried to kill me by stopping my heart. . . . These individuals have used my federal human trafficking equipment. Harry Duke of Wales touching me/threats. . . He's playing with my body parts along with others.

(*Id.* at 5.)

She further alleges:

> As a celestial I have a special signal that allows me to function. I am also a methodology doctor. The men who raped me have taken over my equipment. Signal eyes and ears. Controlling my every move burning my head. I'm filing civil RICO as it will turn into human trafficking federal RICO.

(*Id.* at 6.)

Plaintiff writes, "They just stopped my heart last night = I'm super human." (*Id.*) She asserts that "[i]t is against the law to human traffic a Super." (*Id.* at 9.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] Lincoln and St. Barnabas Hospitals are named as defendants in the caption but Plaintiff does not make specific allegations against them in the body of the complaint.

Plaintiff lists numerous New York Penal Law offenses, including identity theft, unlawful surveillance, eavesdropping, rape, assault, kidnapping, unlawful imprisonment, and computer crimes. (*Id.* at 10-14.)

Plaintiff asserts entitlement to protection "as a celestial," and seeks redress for stolen money, accounts, children, and fortune. She asks that "if it goes criminal RICO – to be determined by celestial judges." (*Id.* at 1.)

## DISCUSSION

### A. Criminal Activity

Plaintiff describes criminal acts against her by unknown individuals not named as defendants in this action, and she invokes federal and state criminal statutes. Plaintiff cannot initiate the arrest and prosecution of an individual in federal court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Plaintiff also cannot direct prosecuting attorneys to initiate a criminal proceeding, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). The Court dismisses Plaintiff's claims under federal and state criminal statutes for lack of standing.[3]

### B. Frivolous Claims

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it

[3] If Plaintiff has been the victim of a crime, such crimes can be reported to law enforcement or prosecutors.

determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 324-35. The Court is unable to identify any legal basis for Plaintiff's claims against Defendants, or any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**C. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses Plaintiff's claims under federal and state criminal statutes for lack of standing and dismisses the remaining claims under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: July 30, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.